**KAZEROUNI LAW GROUP, APC**
Yana A. Hart, Esq. (SBN: 306499)
yana@kazlg.com
2221 Camino Del Rio, Suite 101
San Diego, CA 92108
Tel.: (619) 233-7770
Fax:  (619) 297-1022

**LAW OFFICE OF DANIEL G. SHAY**
Daniel G. Shay, Esq. (SBN: 250548)
danielshay@tcpafdcpa.com
2221 Camino Del Rio South, Suite 308
San Diego, CA 92108
Telephone: (619) 222-7429
Fax: (866) 431-3292

*Attorneys for Plaintiff*
Martin Trim

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARTIN TRIM**, Individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**CALIFORNIA COAST CREDIT UNION**,<br><br>Defendant. | Case No:  **'19CV2198 BAS AGS**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF**<br><br>1. **Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq.; and**<br>2. **California Consumer Credit Reporting Agencies Act, Cal. Civ. Code §1785.3 et seq.**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT    PAGE 1    *TRIM V. CALIFORNIA COAST CREDIT UNION*

# INTRODUCTION

1. Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. Similarly, the California Legislature has found that the banking system is dependent upon fair and accurate credit reporting. As such, California enacted the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1 et seq. ("CCCRAA") to ensure fairness, impartiality, and to protect consumer privacy. The CCCRAA imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

3. Plaintiff Martin Trim ("Plaintiff"), through his attorneys, brings this class action complaint for damages, injunctive relief, and any other available legal or equitable remedies resulting from the illegal actions of Defendant, California Coast Credit Union ("Defendant"), in reporting erroneous negative and derogatory information on Plaintiff and similarly situated consumers' credit reports, as that term is defined by 15 U.S.C § 1681a(d).

4. More specifically, Plaintiff brings this Complaint, by and through his attorneys, for damages arising out of the systematic issuance of erroneous credit reports

by Defendant. Defendant has erroneously reported remaining financial obligations on accounts that have been closed and discharged.

5. Plaintiff makes these allegations on information and belief, with the exception of allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

7. Unless otherwise stated, all the conduct engaged in by Defendant occurred in California.

8. Any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

9. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

## JURISDICTION & VENUE

10. Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331; 15 U.S.C. § 1681p; and, 28 U.S.C. § 1367 for the supplemental state claim.

11. This court has personal jurisdiction over Defendant because Defendant is incorporated under the laws of California and is headquarted in San Diego, California.

12. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of San Diego, State of California, which is in this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendant transacts business in this district, subjecting it to personal jurisdiction within this district.

///

///

## PARTIES & DEFINITIONS

13. Plaintiff is a natural person who resides in the County of San Diego, State of California. Plaintiff is also a "consumer," as that term is defined by 15 U.S.C. § 1681a(c) and Cal. Civ. Code § 1785.3(b).

14. Defendant is a credit union authorized to do business in the State of California. Because Defendant is a partnership, corporation, association, or other entity, it is therefore a "person" as that term is defined by 15 U.S.C. § 1681a(b).

15. The causes of action herein pertains to Plaintiff's "consumer credit report" as that term is defined by 15 U.S.C. § 1681a(d) and Cal. Civ. Code § 1785.3(c), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

## FACTUAL ALLEGATIONS

16. Sometime before December 18, 2018, Plaintiff incurred a financial obligation (the "Debt") to Defendant. This financial obligation arose from a loan that Defendant extended to Plaintiff.

17. On September 20, 2018, Plaintiff filed Chapter Seven bankruptcy in the United States Bankruptcy Court, Southern District Court of California under case number 18-05654-MM7.

18. On December 18, 2018, the Debt was discharged pursuant to a court order that was mailed to Defendant by the bankruptcy court. The order advised Defendant that the Debt had been discharged.

19. Following the bankruptcy, the balance on the Debt should have been listed as $0.00 on all consumer reports and the reports should have stated the account was "closed."

20. However, following the bankruptcy and discharge, on or around February 27, 2019, when checking his Experian credit report, Plaintiff discovered Defendant reported that there remained a balance of $4,422 on the Debt (Account number beginning with the number 913990*).
21. In addition, Defendant did not report that the account was included in bankruptcy.
22. The Debt was not subject to a reaffirmation agreement with Defendant.
23. The Debt was not subject to an adversary proceeding brought by Defendant to make the Debt non-dischargeable.
24. Because Plaintiff's account was discharged, Plaintiff's account should be closed and have no remaining balance.
25. Immediately after discovering Defendant's inaccurate furnishing, Plaintiff sent Experian a written dispute pursuant to 15 U.S.C. § 1681i(a)(2) explaining Defendant's reporting of the inaccurate information and including Plaintiff's Chapter Seven discharge order.
26. On information and belief, Experian timely notified Defendant of Plaintiff's dispute, but Defendant failed to correct the information and continues to furnish false information.
27. Defendant and Experian were required to conduct a reasonable investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.
28. However, when Plaintiff received the results of his dispute from Experian, dated June 25, 2019, he found Defendant had failed to correct the incorrect information as Defendant continues reporting a $4,422 balance post-bankruptcy and discharge of the Debt.
29. Plaintiff is informed and believes and here upon alleges that during an investigation of Plaintiff's dispute, Defendant discovered the correct status of the Debt, as reported to Experian, but Defendant willfully refused to correct the

incorrect information on Plaintiff's consumer credit report from Experian in violation of 15 U.S.C. §§ 1681s-2(a)(1)(A), (a)(1)(B), and (a)(2), and Cal. Civ. Code § 1785.25(a).

30. Moreover, Defendant's conduct violates Cal. Civ. Code § 1785.25(b):

> A person who (1) in the ordinary course of business regularly and on a routine basis furnishes information to one or more consumer credit reporting agencies about the person's own transactions or experiences with one or more consumers and (2) determines that information on a specific transaction or experience so provided to a consumer credit reporting agency is not complete or accurate, shall promptly notify the consumer credit reporting agency of that determination and provide to the consumer credit reporting agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the consumer credit reporting agency complete and accurate.

31. In the regular course of its business operations, Defendant routinely furnishes information to credit reporting agencies pertaining to transactions between Defendant and Defendant's consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

32. Further, through Plaintiff's dispute, Defendant had ample evidence, including Plaintiff's Chapter Seven documents, which indicated Defendant furnished inaccurate information to Experian.

33. Nonetheless, because Plaintiff's credit report continues to be inaccurate to date as to the status and remaining balance due to Defendant, Plaintiff is informed and believed Defendant failed to provide any corrections to Experian, in violation of Cal. Civ. Code § 1785.25(b).

34. Alternatively, on information and belief, Defendant failed to investigate the Experian claim at all as required by 15 U.S.C. § 1681s-2(b)(1)(A).

///

///

35. Defendant then, failed to review all the relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.S.C. § 1681s-2(b)(1)(B).

36. Due to this failure to investigate, Defendant failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E).

37. Despite Plaintiff's dispute, expressly evidencing Defendant's erroneous furnishing of information, Plaintiff's credit report to date remains inaccurate because Defendant refuses to correct the status of Plaintiff's account.

38. To potential lenders reading Plaintiff's credit reports, it appears as though Plaintiff has an ongoing payment obligation to Defendant, which is not true. When making decisions on whether or not to extend credit, lenders consider what monthly obligations potential borrowers already have. If borrowers have too many monthly payment obligations, lenders will not lend to them and borrowers will be unable to obtain financing for necessary things such as vehicles etc.

39. To report these continuing monthly payment obligations is patently incorrect and misleading.

40. By reporting inaccurate information to the credit bureaus, Defendant has misrepresented the status of Plaintiff's financial obligations, specifically Plaintiff's payment obligations for a discharged, closed account.

41. As a result of Defendant's improper and unauthorized conduct, Plaintiff has suffered damages due to Defendant's misrepresentations regarding Plaintiff's current payment obligations.

42. This inaccurate reporting will adversely affect credit decisions because credit guarantors are made aware of Plaintiff's current income during the application process.

///

///

43. Defendant is a sophisticated lender that reported inaccurate scheduled monthly payments regarding Plaintiff thereby damaging Plaintiff's, and the putative class members' credit worthiness.

44. By reporting a remaining balance as opposed to closing the account, Defendant misrepresents Plaintiff's financial obligations and gives the false impression that Plaintiff has more debt and less funds available to satisfy the new credit currently being applied for. Defendant's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

45. Plaintiff's right to be able to apply for credit based on accurate information has been violated, placing Plaintiff at increased risk of not being able to obtain valuable credit and adversely affecting Plaintiff's credit rating.

## CLASS ALLEGATIONS

46. Plaintiff brings this action on Plaintiff's own behalf, and on behalf of all others similarly situated in the United States ("Class A").

47. Plaintiff represents, and is a member of Class A consisting of:

> All persons within the United States who disputed with Defendant's credit reporting, furnished to Experian, which was not properly investigated and/or corrected on their credit report within two years prior to the filing of this Complaint.

48. Plaintiff brings this lawsuit as a class action on behalf of himself and on behalf of all other similarly situated in the State of California ("Class B").

49. Plaintiff represents, and is a member of Class B consisting of:

> All persons with addresses in California (ii) who have or had account(s) with Defendant; (iii) where said account(s) was discharged and/or closed; (v) where Defendant reported a remaining balance; (vi) within two years prior to the filing of the Complaint in this action.

///

///

50. Defendant and its employees or agents are excluded from the Classes.

51. Plaintiff does not know the exact number of persons in the Classes, but believes them to be in the several hundreds, if not thousands, making joinder of all these actions impracticable.

52. The identity of the individual members is ascertainable through Defendant and/or Defendant's agents' records or by public notice.

53. There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Classes. The questions of law and fact common to the Classes predominate over questions affecting only individual class members, and include, but are not limited to, the following:

    a. Whether Defendant has a standard procedure of continuing to report a remaining balance after an account has been discharged and/or closed;

    b. Whether such reporting is inaccurate under the FCRA and/or CCCRAA;

    c. Whether such practices violate the FCRA and/or CCCRAA;

    d. Whether Defendant's conduct was willful and/or knowing.

    e. Whether members of the Class are entitled to the remedies under the FCRA and/or CCCRAA;

    f. Whether members of the Class are entitled to declaratory relief; and

    g. Whether Defendant should be enjoined from reporting such inaccurate information.

54. Plaintiff will fairly and adequately protect the interest of the Classes.

55. Plaintiff has retained counsel experienced in consumer class action litigation and in handling claims involving credit reporting practices.

56. Plaintiff's claims are typical of the claims of the Classes, which all arise from the same operative facts involving reporting a remaining balance after an account is discharged and/or closed.

57. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply

with Federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for FCRA and CCCRAA violations are minimal.

58. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, e.g., securities fraud.

59. Plaintiff and the Classes seek injunctive relief against Defendant to refrain from reporting such inaccurate information when Defendant knows or should know the information is inaccurate.

60. Defendant has acted on grounds generally applicable to the Classes thereby making appropriate final declaratory relief with respect to the Classes as a whole.

61. Members of the Classes are likely to be unaware of their rights.

62. Plaintiff contemplates providing notice to the putative class members by direct mail in the form of a postcard and/or via publication.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681, *et seq.*

63. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

64. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

65. The FCRA allows for a private cause of action against a furnisher of credit information if, after receiving a notice of dispute, the furnisher continues to report inaccurate information to the Credit Reporting Agencies.

66. Specifically, here, Defendant received notice of Plaintiff's dispute from the Credit Reporting Agency and either (1) failed to reasonably investigate the

dispute or (2) investigated the dispute and incorrectly determined it had been accurately reporting the Debt.

67. Nonetheless, Defendant continued and continues to inaccurately report information about Plaintiff's account to at least one Credit Reporting Agency.

68. As a result of each and every negligent violation of the FCRA, Plaintiff and Class A are entitled to statutory damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from Defendant.

69. As a result of each and every willful violation of the FCRA, Plaintiff and Class A are entitled to statutory damages of not less than $100 and not more than $1,000 and such amount as the court may allowed for all other class members, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendant.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE CALIFORNIA CREDIT REPORTING AGENCIES ACT
## Cal. Civ. Code § 1785.1, *et seq*.

70. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

71. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

72. Because Defendant is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Defendant is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a). Further Plaintiff proffered Defendant with information to correct Plaintiff's credit report, which

Defendant refused to do. Defendant knew or should have known that Defendant was not able to report a remaining balance on accounts that have been closed and/or discharged. Thus, Defendant violated Cal. Civ. Code § 1785.25(a) & (b).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class Members pray for judgment as follows:

- Certifying the Classes as requested herein;
- Finding Plaintiff is the proper Class representative; and
- Appointing Plaintiff's Counsel as Class Counsel.

Plaintiff further prays for judgment as follows:

### FIRST CAUSES OF ACTION
### FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 *et seq.*

- Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);
- Statutory damages of $1,000.00 per violation, pursuant to 15 U.S.C. § 1681n(a)(1);
- Punitive damages as the court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- Attorney fees and costs to maintain the instant action, pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);
- Any other relief the Court may deem just and proper including interest.

### SECOND CAUSES OF ACTION
### CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT
### Cal. Civ. Code § 1785.1, *et seq.*

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A);
- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);

- Injunctive relief to correct Defendant's erroneous reporting and to prohibit Defendants from engaging in future violations pursuant to Cal. Civ. Code § 1785.31(b);
- An award of costs of litigation and reasonable attorneys' fees, pursuant to Cal. Civ. Code § 1785.31(d); and
- Any and all other relief that this Court deems just and proper.

## TRIAL BY JURY

73. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: November 19, 2019

**KAZEROUNI LAW GROUP, APC**

By: *s/ Yana A. Hart*
    Yana A. Hart, Esq.
    Email: yana@kazlg.com
    Attorneys for Plaintiff